In The United States District Court
For The Southern District Of Texas
Houston Division

| | |
|---|---|
| Carlos Carmo Carvalho,<br>    Plaintiff<br><br>v.<br><br>Victory Pro II, LLC; Victory Rd Store 2, LLC; Karim Ali; Imran Ali; and Sarfaraz Sunesara,<br>    Defendants. | Civil Action<br>File No. 4:24-cv-<br><br>Jury Demanded |

## Plaintiff's Original Complaint

PLAINTIFF Carlos Carmo Carvalho ("Mr. Carvalho" or "Plaintiff") files this complaint against Defendants Victory Pro II, LLC; Victory Rd Store 2, LLC; Karim Ali; Imran Ali; and Sarfaraz Sunesara (the "Defendants"), and alleges the following:

### I.
### Introduction and Summary of Suit

1. Mr. Carvalho brings this civil action against the Defendants pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Mr. Carvalho seeks unpaid straight-time and overtime wages, liquidated damages, attorney's fees, costs, and post-judgment interest.

2. Defendants collectively own and operate gasoline stations with convenience stores and gambling operations in Texas, including a Swift branded gasoline station operating as "Swift Mart Victory" and "Swift Food Mart", located at 1111 South Victory Drive, Houston, Texas 77088 (hereinafter, the "Swift Gas Station").

3. Mr. Carvalho worked as a store clerk at the Swift Gas Station.

4. In willful violation of 29 U.S.C. § 207(a), Defendants failed to pay Mr. Carvalho's overtime wages. Additionally, in willful violation of 29 U.S.C. § 206(a), Defendants failed to pay a portion of Mr. Carvalho's straight-time wages.

1

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Jurisdiction of the Court is present under 28 U.S.C. §1331 because Mr. Carvalho's claims arise under the FLSA (29 U.S.C. §§ 207(a), 206(a) and 216(b)).

6. Venue is proper in the Southern District of Texas under 28 U.S.C. §1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Carlos Carmo Carvalho is a resident of Harris County, Texas.

8. Defendant Victory Pro II, LLC is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent (and an individual Defendant herein): Mr. Karim Ali, at 4418 Mesa Crossing Lane, Sugar Land, Texas 77479, or at any other address where Mr. Ali may be found. By owning and operating the Swift Gas Station, Defendant Victory Pro II, LLC has acted, directly or indirectly, in the interest of an employer with respect to its employee (i.e., the Plaintiff). Further, this Defendant conducts business in the State of Texas.

9. Defendant Victory Rd Store 2, LLC is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent: Calibre Business Services, LLC, at 4800 Sugar Grove Boulevard, Suite 184, Stafford, Texas 77477. By owning and operating the Swift Gas Station, Defendant Victory Pro II, LLC has acted, directly or indirectly, in the interest of an employer with respect to its employee (i.e., the Plaintiff). Further, this Defendant conducts business in the State of Texas.

10. Defendant Karim Ali is an individual who may be served with summons and complaint at 4418 Mesa Crossing Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production

of goods for interstate commerce, which includes the business establishment(s) owned and operated by the legal entity Defendants. As an 'employer', Mr. Karim Ali is personally liable to Plaintiff Carvalho for all damages that have resulted from Defendants' violations of the FLSA.

11. Defendant <u>Imran Ali</u> is an individual who may be served with summons and complaint at 5310 Sloan Falls Court, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the business establishment(s) owned and operated by the legal entity Defendants. As an 'employer', Mr. Imran Ali is personally liable to Plaintiff Carvalho for all damages that have resulted from Defendants' violations of the FLSA.

12. Defendant <u>Sarfaraz Sunesara</u> is an individual who may be served with summons and complaint at 1935 Edenfield Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the business establishment(s) owned and operated by the legal entity Defendants. As an 'employer', Mr. Sunesara is personally liable to Plaintiff Carvalho for all damages that have resulted from Defendants' violations of the FLSA.

13. Whenever this complaint alleges that any or all of the Defendants committed an act or omission, it is meant that such act or omission was not only committed by such Defendant(s), but also by its mangers, agents and/or employees. Further, each such act or omission occurred with full authorization, ratification or approval of such Defendant(s), and/or occurred in the routine normal course and scope of employment of one or more of Defendant's mangers, agents and/or employees.

# IV.
## FLSA Coverage

14. Plaintiff alleges a willful violation of the FLSA, and for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment. Mr. Carvalho's asserted claims arise within the relevant period.

15. Defendant Karim Ali was, and is, a member of Defendant Victory Pro II, LLC.

16. Defendant Karim Ali was, and is, an officer of Defendant Victory Pro II, LLC.

17. Defendant Karim Ali was, and is, a member of Defendant Victory Rd Store 2, LLC.

18. Defendant Karim Ali was, and is, an officer of Defendant Victory Rd Store 2, LLC.

19. Defendant Imran Ali was, and is, a member of Defendant Victory Pro II, LLC.

20. Defendant Imran Ali was, and is, an officer of Defendant Victory Pro II, LLC.

21. Defendant Imran Ali was, and is, a member of Defendant Victory Rd Store 2, LLC.

22. Defendant Imran Ali was, and is, an officer of Defendant Victory Rd Store 2, LLC.

23. Defendant Sarfaraz Sunesara was, and is, a member of Defendant Victory Pro II, LLC.

24. Defendant Sarfaraz Sunesara was, and is, an officer of Defendant Victory Pro II, LLC.

25. Defendant Sarfaraz Sunesara was, and is, a member of Defendant Victory Rd Store 2, LLC.

26. Defendant Sarfaraz Sunesara was, and is, an officer of Defendant Victory Rd Store 2, LLC.

27. During the relevant period, Defendant Victory Pro II, LLC was Mr. Carvalho's employer under 29 U.S.C. § 203(d).

28. During the relevant period, Defendant Victory Rd Store 2, LLC was Mr. Carvalho's employer under 29 U.S.C. § 203(d).

29. During the relevant period, Defendant Karim Ali was Mr. Carvalho's employer under 29 U.S.C. § 203(d).

30. During the relevant period, Defendant Imran Ali was Mr. Carvalho's employer under 29 U.S.C. § 203(d).

31. During the relevant period, Defendant Sarfaraz Sunesara was Mr. Carvalho's employer under 29 U.S.C. § 203(d).

32. During the relevant period, Mr. Carvalho was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Victory Pro II, LLC.

33. During the relevant period, Mr. Carvalho was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Victory Rd Store 2, LLC.

34. During the relevant period, Mr. Carvalho was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Karim Ali.

35. During the relevant period, Mr. Carvalho was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Imran Ali.

36. During the relevant period, Mr. Carvalho was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Sarfaraz Sunesara.

37. During the relevant period, Defendants were a common enterprise and "joint employer" under 29 U.S.C. § 203(r).

38. During the relevant period, the Defendants collectively comprised an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" because they had employees, including Mr. Carvalho, who were engaged in commerce and in the production of goods for commerce. 29 U.S.C. §§ 203(s)(1), 206, 207.

39. For each year encompassing some or all of the relevant period, Defendants generated the annual gross business volume in excess of the statutory standard.

40. Mr. Carvalho was engaged in the "production of goods" because he was employed in "producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods." [emphasis supplied] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) §11.24(B) (2020). Thus, for the relevant period, Mr. Carvalho meets the FLSA's individual coverage requirement because he was engaged in the 'production of goods', which entails, among other methods, the 'handling' of goods that travelled from out of state. See, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973).

41. Additionally, Defendants had employees, including Mr. Carvalho, handling, selling, or otherwise working on goods or materials that had been handled, moved in or produced for commerce, which were used in furtherance of Defendants' commercial activities at the Swift Gas Station.

## V.
### FACTS

42. The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations in Texas, including a Swift branded gasoline station operating as "Swift Mart Victory" and "Swift Food Mart", located at 1111 South Victory Drive, Houston, Texas 77088 (hereinafter, the "Swift Gas Station").

43. Mr. Carvalho worked as a store clerk at the Swift Gas Station from approximately December 19, 2021, until May 19, 2024.

44. As a store clerk, Mr. Carvalho's job duties primarily included: a) operating the store's cash register in order to ring up sales; b) assisting in-state and out-of-state customers with their purchases of gasoline and other items from the Swift Gas Station's convenience store; and,

c) general upkeep of the premises.

45. Defendants do not have any records indicating the precise amount of time Mr. Carvalho worked on a weekly basis during his employment at the Swift Gas Station.

46. Additionally, because Defendants paid Mr. Carvalho with cash, they do not have any paychecks or paystubs indicating the precise amount of weekly wages Mr. Carvalho received during his employment at the Swift Gas Station.

47. The Defendants typically required Mr. Carvalho to work well in excess of 40 hours a week during his employment at the Swift Gas Station, and Mr. Carvalho was not allowed to take any lunch or other breaks; he was expected to eat while he continued to work on his shift.

48. Although Mr. Carvalho was a non-exempt employee under the FLSA, he received no overtime pay despite working in excess of 40 hours during each workweek of his employment at the Swift Gas Station.

49. In addition, Defendants failed to pay a some of Mr. Carvalho's straight-time wages.

50. Defendants willfully failed to pay Mr. Carvalho's wages, and these willful violations occurred, repeatedly, during each week of the relevant period.

51. Now, Mr. Carvalho sues the Defendants to recover his unpaid wages and all other damages allowed under the FLSA.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Defendants' weekly willful violations of 29 U.S.C. §§ 207(a) and 206(a) –
Failure to pay straight-time and overtime wages</u>

52. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

53. Defendants' violations of 29 U.S.C. § 207(a) occurred on a repeating weekly basis, in that Defendants failed to pay Mr. Carvalho's weekly overtime wages during each workweek

falling within the period beginning December 19, 2021, and ending May 19, 2024.

54. The Defendants committed repeated and willful violations of the FLSA (approximately 126 violations) because they failed to pay Mr. Carvalho's overtime wages during each full workweek falling within his period of employment, thereby committing multiple counts of statutory wrongdoing, repeated consistently each week.

55. Mr. Carvalho was a non-exempt employee under the FLSA.

56. Mr. Carvalho was entitled to receive overtime pay for all hours he worked in excess of 40 during each workweek falling within the period of his employment beginning December 19, 2021, and ending May 19, 2024.

57. Likewise, although Mr. Carvalho was entitled to receive straight-time wages at his base hourly rate for all hours worked, the Defendants failed to do so for many of the hours he worked at the Swift Gas Station.

58. Despite Defendants' awareness of the overtime pay requirements imposed upon them by 29 U.S.C. § 207(a), they chose not to pay Mr. Carvalho's overtime wages.

59. Similarly, despite Defendants' awareness of the straight-time pay requirements imposed upon them by 29 U.S.C. § 206(a), they chose not to pay some of Mr. Carvalho's straight-time wages.

60. Each Defendant's knowing, repeated and consistent failure to pay Mr. Carvalho's straight-time and overtime wages on a weekly basis amounts to a clear and willful pattern and practice of illegal conduct the FLSA prohibits.

61. Mr. Carvalho therefore seeks to recover all straight-time and overtime wages, along with an equal additional amount as liquidated damages allowed by 29 U.S.C. § 216(b).

62. Mr. Carvalho also seeks (a) his attorney's fees and costs pursuant to 29 U.S.C. §216(b), and (b) post-judgment interest at the prevailing legal rate.

# VII.
## JURY DEMAND

63. Mr. Carvalho herein demands a jury trial.

# VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE STATED REASONS, Plaintiff Carlos Carmo Carvalho respectfully requests that upon final hearing, the Honorable Court enter a Final Judgment against Defendants Victory Pro II, LLC; Victory Rd Store 2, LLC; Karim Ali; Imran Ali; and Sarfaraz Sunesara, jointly and severally, as follows:

   a. Declare each Defendant willfully violated 29 U.S.C. § 207(a) by repeatedly and consistently failing to pay Mr. Carvalho's overtime wages on a weekly basis during the period beginning December 19, 2021, and ending May 19, 2024;

   b. Order each Defendant to pay Mr. Carvalho's unpaid overtime wages pursuant to 29 U.S.C. § 207(a);

   c. Declare each Defendant willfully violated 29 U.S.C. § 206(a) by repeatedly and consistently failing to pay a portion of Mr. Carvalho's straight-time wages on a weekly basis during the period beginning December 19, 2021, and ending May 19, 2024;

   d. Order each Defendant to pay Mr. Carvalho's unpaid straight-time wages pursuant to 29 U.S.C. § 206(a);

   e. Order each Defendant to pay liquidated damages in an amount equaling the unpaid straight-time and overtime wages awarded by the jury;

   f. Order each Defendant to pay Mr. Carvalho's attorney's fees and costs pursuant to 29 U.S.C. §216(b);

   g. Order each Defendant to pay post-judgment interest at the highest lawful rate on all wages, liquidated damages, attorney's fees and costs under 29 U.S.C. § 207(a), 29 U.S.C. § 206(a) and 29 U.S.C. § 216(b); and,

   h. Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the broad remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: <u>*/s/ Salar Ali Ahmed*</u>
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff
Carlos Carmo Carvalho**